# In the United States Court of Federal Claims

No. 19-996

(Filed: July 24, 2019)

```
************************************* *
                                    *
TONI PAUL CAYTON,                   *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
UNITED STATES,                      *
                                    *
                Defendant,          *
                                    *
************************************* *
```

## DISMISSAL ORDER

WHEELER, Judge.

On July 3, 2019, *pro se* plaintiff Toni Paul Cayton filed a complaint in this Court requesting injunctive relief and money damages for his allegedly unconstitutional conviction and detainment. Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Mr. Cayton's complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction.

## Background

Mr. Cayton is a Wisconsin resident who served seven years in the Racine Correctional Institution ("R.C.I.") for various misdemeanors. Compl. at 6. Upon his release, R.C.I. withheld $78.14 from Mr. Cayton's release fund to put towards his outstanding legal loans, prompting Mr. Cayton to make death threats against prison staff and members of the Wisconsin State Government. Id.; Compl. Ex 1 at 25-26.[1] The Racine County Circuit Court found Mr. Cayton guilty on three counts of Threats to Injure or Accuse a Crime in violation of Wisconsin Statute § 940.19(4), resulting in a fifteen-year sentence (in addition to 90 days for three contempt charges during the jury trial). Compl.

---

[1] Exhibit 1 to Mr. Cayton's Complaint includes multiple and non-consecutive indicators of pagination. For clarity, citations to "Compl. Ex. 1" refer to the literal number of the page cited.

Ex. 1 at 27. Subsequently, Mr. Cayton appealed to the Wisconsin Appellate Court and the Wisconsin Supreme Court for the unlawful seizure of his release fund. Compl. at 13-16. He filed several additional suits in the United States District Court for the Eastern District of Wisconsin that he ultimately appealed to the 7th Circuit Court of Appeals, claiming that judges and district attorneys had conspired to convict and unlawfully detain him in violation of various constitutional rights. Id. All of his claims were either denied or dismissed. Id.

Mr. Cayton seeks unspecified "judicial redress" of his prior lawsuits, alleging that the judges and prosecutors denied him a fair trial and conspired to convict him. Compl. at 18. Additionally, Mr. Cayton seeks "monetary compensation for emotional duress/mental abberation[sic]/& physical injury" resulting from his additional time in prison. Compl. at 19.

## Discussion

### A.    Failure to State a Claim on Which Relief Can Be Granted

A court may *sua sponte* dismiss a complaint for failure to state a claim if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012). To survive dismissal, the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2009). "*Pro se* plaintiffs are given some leniency in presenting their case," and courts "liberally construe[]" a complaint filed *pro se*. Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (citation omitted).

Nevertheless, Mr. Cayton's complaint fails to state a cognizable claim that would entitle him to relief. While he asserts various constitutional violations, his complaint that public officials and institutions are conspiring against him is not plausible on its face, and the Racine County Circuit Court transcripts that he looks to for support do not remedy the defect. Compl. Ex. 1 at 99–108. Therefore, the complaint fails to state a claim on which relief can be granted.

### B.    Lack of Subject-Matter Jurisdiction

Subject-matter jurisdiction may be challenged at any time by the Court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter

jurisdiction by a preponderance of evidence.  See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Even if Mr. Cayton stated a plausible claim for relief, the Court would lack subject-matter jurisdiction over it.  Except for bid protest cases, this Court only has jurisdiction over claims against the United States that allege a specific entitlement to monetary relief based upon "money-mandating" provisions of federal law.  See Stephenson v. United States, 58 Fed. Cl. 186, 192 (2003).  Because this is not a bid protest, and because Mr. Cayton's Complaint does not point to any "money-mandating" federal law as a basis for relief, this Court lacks subject-matter jurisdiction over his claims.

### Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Mr. Cayton's complaint for failure to state a claim on which relief can be granted and lack of subject-matter jurisdiction.  The Clerk is directed to dismiss Plaintiff's complaint without prejudice and enter judgement for the Government.  Further, the Court DISMISSES AS MOOT Mr. Cayton's application to proceed *in forma pauperis*.

IT IS SO ORDERED.


THOMAS C. WHEELER
Judge